8/16/2019 5:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36048561
By: D Burton
Filed: 8/16/2019 5:04 PM

CAUSE NO. _____

| | | |
|---|---|---|
| APOLLO PAINT AND BODY, INC., | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| EVANSTON INSURANCE | § | |
| COMPANY, | § | |
| **Defendants.** | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND RULE 194 REQUEST FOR DISCLOSURE

COMES NOW, APOLLO PAINT AND BODY, INC. ("Apollo" or "Plaintiff") in the above-styled matter and files this, Original Petition and Rule 194 Request for Disclosure complaining of Defendant, Evanston Insurance Company ("Evanston" or "Defendant"), for cause of action shows the Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct Level 2 discovery under Texas Rules of Civil Procedure 190.3 and requests this Court to enter a Docket Control Order.

### PARTIES

2.      Plaintiff Apollo Paint and Body, Inc. is a corporation based in the state of Texas, Fort Bend County and is domiciled at One Sugar Creek Center Blvd. Suite 815, Sugar Land, Texas 77478.

3.      The Evanston Insurance Company is a foreign insurance company doing business in Texas but not registered to do business in the state of Texas and can be served



with process by service through its president, Michael Rosenburg at 10 Parkway North
Blvd. Suite 100, Deerfield, Illinois 60015.

## VENUE AND JURISDICTION

4.       The subject matter in controversy is within the jurisdictional limits of this
Court.  Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief of
more than $1,000,000.

5.       Venue in Harris County is proper because the cause of action alleged herein
arose in Harris County and the property subject of this suit is situated in that county.

## FACTUAL BACKGROUND

6.       Apollo owned a commercial property located at 6890 Southwest Freeway,
Houston, Texas 77036. It was insured by Evanston for losses including, but not limited to
wind damage. In August of 2017, Hurricane Harvey caused substantial wind damage to
the building's roof, which caused openings throughout the roof system. Harvey's
substantial rains introduced substantial amounts of water into the interior of the building
thereby causing substantial interior water damage to the property, as well.

7.       Apollo timely submitted a claim to Evanston for indemnification of the roof
and interior water damage claims. Evanston conducted a perfunctory investigation the sole
purpose of which was to deny Apollo's claim. Evanston's investigation was faulty and
unreasonable and it denied Apollo's claim, as a result.

## CAUSES OF ACTION

### *Breach of Contract*

8.      Evanston's conduct constitutes a breach of its insurance policy it sold to Plaintiff. This breach has caused damages to Plaintiff greater than the minimal jurisdictional limits of this Court.

### *Good Faith and Fair Dealing*

9.      Evanston has violated its duty of good faith and fair dealing owed to Plaintiff by, among other things, failing to conduct a reasonable investigation and failing to pay Plaintiff's claims once its liability for those claims became reasonably clear. Plaintiff has incurred damages as a result of Defendant's breach of its duty of good faith and fair dealing that are greater than the minimal jurisdictional limits of this Court.

10.      Furthermore, because Defendant maliciously violated its duty of good faith and fair dealing, Plaintiff is entitled to punitive damages in the amount that would deter others similarly situated from repeating such bad faith facts.

### *Texas Insurance Code 541.060 and 541.061*

11.      Defendant violated numerous provisions of the Texas Insurance Code section 541.060. Defendant's violation of this provision has caused damages to Plaintiff that is greater than the minimal jurisdictional limit of this Court. Plaintiff is entitled to relief in accordance with section 541.152(a) of the Texas Insurance Code.

12.      Plaintiff is also entitled to additional damages pursuant to section 541.152(b) because Defendant violated that statute knowingly.

### *Deceptive Trade Practices Act*

13.     Defendant's conduct also violates the Deceptive Trade Practices Act. Defendant's violations of the DTPA include, but are not limited to, committing unconscionable acts and making false representations. Plaintiff has suffered damages as a result of Defendant's violations of the DTPA that are greater than the minimal jurisdictional limit of this Court.

14.     Furthermore, Plaintiff is entitled to additional damages under the DTPA because Defendant violated that statute knowingly, as well.

### *Insurance Code 542.051 et seq.*

15.     Evanston also failed to comply with Article 542.051 et seq. of the Texas Insurance Code, which regulates the time for paying Plaintiff's claims. As such, Plaintiff is entitled to an additional 18% per annum interest on the unpaid policy proceeds.

### ATTORNEYS FEES

16.     Plaintiff has been required to obtain counsel in order to collect its policy claim against Defendant. As such, Plaintiff has incurred and will continue to incur reasonable and necessary attorney's fees in prosecuting this matter. Evanston is liable for Plaintiff's reasonable and necessary attorney's fees pursuant to Chapter 38 of the Civil Practice and Remedies Code, and Defendants is liable for attorney's fees under sections 541.060 and 542.051 *et seq.* of the Texas Insurance Code, and Chapter 17 of the Business and Commercial Code. Plaintiff has presented its claim to Evanston in compliance with Chapter 38 of the Civil Practice and Remedies Code.

### CONDITIONS PRECEDENT

4

17.     All conditions precedent have been performed by Plaintiff or have otherwise been satisfied.

## REQUEST FOR DISCLOSURE

18.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant's disclose within 50 days of service of this request, the information and/or materials described in Rule 194.2.

## DEMAND FOR JURY TRIAL

19.     Plaintiff hereby demands a trial by jury.

## REQUEST FOR RELIEF

20.     For these reasons, Plaintiff respectfully requests that Defendant be cited to appear, and answer and that Plaintiff have judgment against Defendant for the following:

A.     Actual and consequential damages;

B.     Punitive and additional damages;

C.     Damages for mental anguish;

D.     Reasonable and necessary attorney's fees;

E.     18% statutory interest;

F.     Pre-judgment and Post-judgment interest as allowed by law;

G.     Costs of court; and

H.     All other relief in law and equity to which Plaintiff may be entitled.

5

THE FAUBUS FIRM

By:    */s/ Dax O. Faubus*
         Dax O. Faubus
         State Bar No. 24010019
         Ada I. Ferrer
         State Bar No. 24068198
         1001 Texas Avenue, 11th Floor
         Houston, Texas 77002
         Telephone: (713) 222-6400
         Facsimile: (713) 222-7240
         dax-notice@faubusfirm.com
         ada@faubusfirm.com

         *Attorneys for Plaintiffs*

6